NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 6 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT ALAN PALACIO, | No. 19-55219 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-05378-DFM |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Douglas F. McCormick, Magistrate Judge, Presiding

Submitted October 4, 2021[**]
San Francisco, California

Before: THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges.

Robert Palacio appeals the district court's decision affirming the Commissioner of Social Security's denial of his application for disability insurance benefits under Title II of the Social Security Act. This court reviews the district

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

court's order sustaining the denial of benefits de novo. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015). This court may set aside the administrative law judge's ("ALJ") denial of benefits "only if it is not supported by substantial evidence or is based on legal error." *Id.* (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014)).

The ALJ provided specific and legitimate reasons for giving little weight to the opinions of Palacio's treating physicians, Dr. Grossman, Dr. Vahedifar, and Dr. Garb. First, the ALJ reasonably concluded that Dr. Grossman's July 2014 medical source statement—that Palacio was only capable of light work—was inconsistent with consultative examinations conducted the prior month by Dr. Tashakkor and Dr. Rubaum, who both found that Palacio could perform medium work. In addition, the ALJ reasonably found that Dr. Grossman's assessment was inconsistent with Dr. Levesque's June 2014 examination notes indicating that Palacio had minimal back pain and a normal neurological examination. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (holding that an inconsistency between a physician's opinion and the medical evidence is a specific and legitimate reason for rejecting the physician's opinion). Second, the ALJ provided a specific and legitimate reason for giving little weight to Dr. Garb's and Dr. Vahedifar's March 2016 opinions. Dr. Garb concluded that Palacio could lift no weight, and could sit, walk, and stand less than one hour per workday; and Dr. Vahedifar concluded that

2

Palacio had debilitating back pain and similar physical limitations. The ALJ reasonably concluded that their assessments were "extreme" and "wholly inconsistent" with Palacio's contemporaneous March 2016 questionnaire where he reported that his pain level was 2.5 or 3 out of 10. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (holding that an ALJ properly discounted a treating physician's opinion as being "so extreme as to be implausible"). Finally, contrary to Palacio's argument, the ALJ did not err in declining to specifically reference Dr. Levesque's November 2014 medical source statement, which did not contain a functionality assessment. The ALJ referenced other records from Dr. Levesque and did not implicitly discredit his opinion. *See Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (holding that an "ALJ is not required to discuss evidence that is neither significant nor probative").

The ALJ provided specific clear and convincing reasons for discounting Palacio's testimony that he was totally disabled by back impairments and pain. First, the ALJ reasonably found that Palacio's daily activities were inconsistent with his own testimony that he had debilitating back pain. This is a specific clear and convincing reason. *See Ghanim v. Colvin*, 763 F.3d 1154, 1165 (9th Cir. 2014) (holding that daily activities that are inconsistent with the purported severity of symptoms supports an adverse credibility determination). Second, the ALJ reasonably concluded that Palacio's testimony was not supported by the medical

evidence. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (holding that an ALJ can consider the lack of supportive medical evidence as one factor in its credibility analysis).

**AFFIRMED.**